**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| LINDA HARTMAN HAGENSICKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-5018-CV-SW-RED |
| ) | |
| BOSTON SCIENTIFIC ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court are Defendants Todd A. Richards, M.D., Christopher H. Roberts, M.D. and Freeman Health System's Motion to Remand (Doc. 16) and Plaintiff's Motion to Remand (Doc. 25). Plaintiff Linda Hartman Hagensicker ("Plaintiff") and Defendants Dr. Todd A. Richards ("Dr. Richards"), Dr. Christopher H. Roberts ("Dr. Roberts"), and Freeman Health Systems ("Freeman") (collectively the "treating healthcare defendants") seek to remand this case back to the Circuit Court of Jasper County, Missouri.[1]

**INTRODUCTION**

The heart of the dispute between Plaintiff and the Defendants in this case relates to Plaintiff undergoing surgery to have the following devices implanted: a Gynecare Prolift M, an Obtryx Sling and a Gynecare TVT Secur. All three products are referred to as pelvic mesh products and are represented to be "placed inside the pelvis to restore organ support for patients with pelvic organ prolapse and/or stress urinary incontinence." (Petition Doc. 1-2 ¶ 26). Plaintiff, who was suffering from stress urinary incontinence, went to see Dr. Richards and he scheduled her for pelvic

---

[1] The state court action number assigned is 11AO-CC00357.

reconstruction surgery to correct the problem.  On February 18, 2010, Dr. Richards performed surgery on Plaintiff and implanted a Gynecare Proligt M.  However, after the surgery, Plaintiff reported to Dr. Richards on February 26, 2010 and complained of "urinary urgency, frequency, stress and urge incontinence" (Petition Doc. 1-2 ¶ 31), and Dr. Richards ultimately performed a second surgery on March 25, 2010 and implanted an Obtryx Sling.  However, Plaintiff again complained of similar problems following the second surgery and saw Dr. Roberts for a second opinion.  Dr. Roberts ultimately performed surgery on Plaintiff and implanted a Gynecare TVT Secur on June 14, 2010.  Plaintiff again suffered from complications and began experiencing constipation and pain corresponding with her bowel movements along with urinary incontinence.  A colonoscopy was performed on February 4, 2011 and "a weave of bluish colored suture material consistent with mesh" was found by Dr. Larry Deffenbaugh.  (Petition Doc. 1-2 ¶ 45).  The mesh "was seen coursing through one wall of [Plaintiff's] rectum and [was] entering the opposite rectal wall."  Plaintiff's complications following her surgeries continued and she ultimately underwent another surgery on April 20, 2011.

As a result, Plaintiff has filed suit against Dr. Richards, Dr. Roberts, Freeman, and the manufacturers of the mesh products.  Her claims (Counts I and II) against Dr. Richards and Dr. Roberts are for medical malpractice and her claim (Count III) against Freeman is for negligent credentialing concerning Dr. Roberts.  Plaintiff's remaining claims (Counts IV-VIII) are for strict liability, negligence and breach of express and implied warranties, and these claims relate to the products themselves.

Defendant Boston Scientific Corporation ("Boston Scientific"), maker of the Obtryx Sling,[2] removed this action from state court on the basis of diversity jurisdiction despite the fact that Plaintiff, Dr. Richards, Dr. Roberts and Freeman are all citizens of Missouri. In the Notice of Removal, Boston Scientific set forth two reasons as to why diversity jurisdiction exists: 1) the treating healthcare defendants have been misjoined and 2), even if the treating healthcare defendants have been properly joined, the Court may sever and remand the claims against the treating healthcare defendants so as to allow the other claims to participate in the multidistrict litigation action.[3]

## STANDARD OF REVIEW

Boston Scientific, as the removing party, "has the burden to establish federal subject matter jurisdiction ... [and] all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). Moreover, as the main issue that must be resolved concerns whether the treating health care defendants were properly joined and even if they were properly joined, whether they should be severed, the Court notes that even " 'in a diversity case the question of joinder is one of federal procedural law.' " *Scenic Holding, LLC v. New Bd. of Trs. of Tabernacle Missionary Baptist*

---

[2] Defendant Ethicon, Inc. ("Ethicon") is the maker of the Gynecare Prolift M and the Gynecare TVT Secur.

[3] Boston Scientific also alleged, in the Notice of Removal, that Plaintiff failed to file a sufficient affidavit from a legally qualified health care provider as required under Missouri law. *See* Mo. Rev. Stat. § 538.225(1) (requiring a plaintiff to file an affidavit from a "legally qualified health care provider" in medical malpractice actions setting forth that the health care provider "failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances" and that the deficient treatment directly caused or contributed to the plaintiff's damages). However, Plaintiff has since timely filed two additional health care affidavits and Boston Scientific has not questioned the sufficiency of these affidavits in opposing the motions to remand.

3

*Church, Inc.*, 506 F.3d 656, 665 (8th Cir. 2007) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968)). *See also Cole v. Homier Distrib. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (noting that in a diversity case a federal court applies the federal procedural rules and the substantive law of the forum state).

## DISCUSSION

*1. The treating healthcare defendants are properly joined*

Boston Scientific, in the Notice of Removal, argues that the treating healthcare defendant were misjoined because the claims asserted against them do not arise out of the same transaction or occurrence as with the claims asserted against Boston Scientific and Ethicon and additionally, the claims "are also factually and legally distinct from the claims against Boston Scientific and Ethicon." (Notice of Removal Doc. 1 ¶ 28). Boston Scientific alleges this is the case because the claims against Boston Scientific and Ethicon concern the "[d]esign, manufacture, testing, marketing, advertising, promotion, and sale of mesh" whereas the claims against the treating healthcare defendants relate to the "necessity of the procedure; other available alternatives, pre-operative pain management; partial excisions of the mesh products; appropriate informed consent; follow up care; the timeliness of follow up care; the doctors' training; and their awareness of risks." *Id*. at ¶¶ 29-30. In opposing the motions to remand, Boston Scientific and Ethicon, who joined in with Boston Scientific in opposing the two motions, again raise the misjoinder argument by stating that the conduct Plaintiff complains of concerning Boston Scientific and Ethicon necessarily transpired before the treating healthcare defendants' alleged negligence occurred and additionally, any liability of Boston Scientific and Ethicon cannot serve as a basis for liability against the treating healthcare defendants. According to Boston Scientific and Ethicon, this demonstrates that the claims against

4

the treating health care defendants and the claims against Boston Scientific and Ethicon do not arise out of the same transaction or occurrence or series of transactions or occurrences, there is no common question of law or fact among all defendants, and there is no joint or several liability existing among all defendants.

The Court disagrees with Boston Scientific and Ethicon's description of the claims asserted against the defendants in this case and how the claims relate to all defendants. For guidance, the Court turns to Rule 20 of the Federal Rules of Civil Procedure. Rule 20(a)(2) states that joinder is proper where:

> (A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

First, by the express language of Rule 20 it is clear that the treating healthcare defendants and Boston Scientific and Ethicon can be jointly, severally, or alternatively liable with respect to the damages Plaintiff sustained. The Court finds that this standard is easily met, as Plaintiff has alleged that Dr. Richards and Dr. Roberts were negligent in implanting the three devices and in failing to remove the devices in a timely fashion, among other things, and that the devices were defective. As such, the treating healthcare defendants and Boston Scientific and Ethicon all potentially contributed to Plaintiff's injuries. *See Stone v. Zimmer, Inc.*, No. 09-80252-CIV, 2009 WL 1809990, at *3 (S.D. Fla. June 25, 2009) (noting that a surgeon that implants a device and the manufacturer of the device can be joint tortfeasors by causing a single injury and citing cases in support of this proposition). *See also Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 6 (1990) (noting that a doctor that implanted a

5

device alleged to be defective and the manufacturer of the device were joint tortfeasors).[4]

The requirement that there is a common transaction or series of transactions is also easily met considering that "transaction" is broadly interpreted to mean that "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). In this case, the claims against the defendants all relate to the harm caused by the implantation of the three medical devices described above. *See Stephens v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375, 384 (D. Md. 2011) (finding that the plaintiff's claims against his doctor and the manufacturer of a medical device arose out of the same transaction or occurrence because "the very genesis of this case is the surgery and implantation of an alleged faulty medical device").

Finally, there are common questions of fact relating to Plaintiff's damages and to the extent each defendant is liable for said damages. *Id*. Additionally, the treating healthcare defendants knowledge of the risks of the devices along with Boston Scientific and Ethicon's alleged failure to warn of certain risks creates another common question of fact and could be a significant issue in this

---

[4] Given Boston Scientific and Ethicon's significant reliance and discussion of the *Guidant* opinion, *In re Guidant Corp Implantable Defibrillators Prods. Liab. Litig.*, No. 07-1129 (DWF/AJB), 2007 WL 5377783 (D. Minn. June 04, 2007), the Court feels compelled to point out that the *Guidant* opinion is not binding authority on this Court. Moreover, the court in *Guidant* improperly relied on Missouri law when addressing joinder under Rule 20 and the Missouri Supreme Court decision relied upon has since been called into question by a later Missouri Supreme Court opinion. *See State ex rel. Nixon v. Dally*, 248 S.W.3d 615, 619 (Mo. 2008) (en banc) (limiting *State ex rel. Jinkerson v. Koehr*, 826 S.W.2d 346 (Mo. 1992) (en banc), the opinion relied upon by the *Guidant* court, by noting that "*Jinkerson* cannot be read to bar permissive joinder in cases of separate accidents where venue is not an issue").

6

case. *See Galati v. Eli Lilly & Co.*, No. 05-4338-CV-C-NKL, 2005 WL 3533387, at *4 (W.D. Mo. Dec. 22, 2005) (noting that the "chain of communication" relating to potential risks of a product originating from the manufacturer and extending to a patient's doctor creates a common issue of fact). As such, the Court finds that the treating healthcare defendants were properly joined under Rule 20.

The question becomes whether application of the fraudulent misjoinder doctrine, which has not been adopted by the Eighth Circuit, somehow renders the joinder of the treating healthcare defendants in this case to be fraudulent. *See In re Prempro*, 591 F.3d at 622 (declining to either adopt or reject the fraudulent misjoinder doctrine). Given the fact that the treating healthcare defendants and Boston Scientific and Ethicon are all alleged to have caused harm to the Plaintiff arising out of the same series of transactions, it would be difficult to find that the parties were misjoined when the parties can be viewed as joint tortfeasors. Furthermore, the Eighth Circuit hinted that more than just misjoinder would be required under the fraudulent misjoinder doctrine. *See Id.* at 623-24 (citing to *Moore v. Smithkline Beecham Corp.*, 219 F. Supp. 2d 742, 746 (N.D. Miss. 2002) for the proposition that a fraudulent joinder analysis requires a finding that the parties were egregiously misjoined). The Eighth Circuit's definition of fraudulent misjoinder also demonstrates that the treating healthcare defendants were not fraudulently misjoined. The Eighth Circuit has defined fraudulent misjoinder as "occur[ing] when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *Id.* at 621 (internal citation and quotations omitted). As explained above, there is a reasonable basis to join the treating healthcare defendants with the product

7

manufacturers in the same action.

   *2. The Court will not sever this case under Rule 21*

Boston Scientific and Ethicon next argue that the treating healthcare defendants should be severed from this case and remanded back to state court so as to allow the product liability claims to proceed in multidistrict litigation.

The Court notes that although it may have the discretion to sever the treating healthcare defendants from this case, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 833 (1989), it will decline to do so in this case. To begin, the treating healthcare defendants were not misjoined in this action. Thus, if the Court were to sever the treating healthcare defendants, it would be severing parties that were properly joined in order to create subject-matter jurisdiction where it would not otherwise exist. *See Echols v. OMNI Med. Group, Inc.*, 751 F. Supp. 2d 1214, 1216 (N.D. Okla. 2010) (finding severance inappropriate in part, because it would extend federal jurisdiction where it would otherwise not exist by severing the nondiverse parties); *Ash v. Providence Hosp.*, No. 08-0525-WS-M, 2009 WL 424586, at *9 n.19 (S.D. Ala. Feb. 17, 2009) (same and citing cases in support).

The Court also notes that Plaintiff and the treating healthcare defendants could both be prejudiced if the treating healthcare defendants were severed. *See Echols*, 751 F. Supp. 2d at 1217 (taking into account the prejudice that would exist if the nondiverse defendants were severed). Plaintiff would be forced to litigate her cause of action in two separate forums and may be subject to the defendants in both forums trying to shift the responsibility to the absent defendants. The treating healthcare defendants could be prejudiced by not having the same fact-finder apportion liability among the defendants, potentially subjecting them to a higher apportionment of liability.

8

Finally, the Court notes that even though Boston Scientific and Ethicon may benefit from litigating this case in the multidistrict action, it will still only be forced to litigate this case in one forum even if that forum is in state court. As such, the Court will not sever the treating healthcare defendants and will instead remand this case back to state court.

However, the Court cautions that its decision is limited to the unique nature of the facts in this case. Plaintiff was treated by two different doctors that were responsible for implanting three different medical devices. This creates serious factual and apportionment issues that will have to be determined and the Court believes that the interest in litigating this case in one forum is significant.

*3. The Court will not award attorney's fees*

Attorney's fees may only be awarded where a case is improperly removed if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although Plaintiff and the treating healthcare defendants seek to recover attorney's fees without going into great detail as to why awarding fees are appropriate in this case, the Court will not grant their request. Notably, the issue of severing under Rule 21 so as to allow the claims against the manufacturers to be heard in the multidistrict action is not a settled issue and seeking removal on this basis alone was objectively reasonable. As such, the Court will not award attorney's fees.

## CONCLUSION

For the reasons above, the Court: **DENIES** Defendants Boston Scientific and Ethicon's Motion to Stay Pending MDL Transfer (Doc. 4), **GRANTS** Defendants Todd A. Richards, M.D., Christopher H. Roberts, M.D. and Freeman Health System's Motion to Remand (Doc. 16), **DENIES**

9

the Motion for Cost and Expenses Pursuant to 28 U.S.C. Section 1447(c) (Doc. 18), **DENIES** Plaintiff's Motion for Cost and Expenses Pursuant to 28 U.S.C. Section 1447(c) (Doc. 23), **GRANTS** Plaintiff's Motion to Remand (Doc. 25), **DENIES** Defendants Boston Scientific Corporation and Ethicon, Inc.'s Request for Oral Argument (Doc. 40), and **DENIES** Defendants Todd A. Richards, M.D., Christopher H. Roberts, M.D., and Freeman Health System's Motion to Expedite Hearing on Motion to Remand and Motion to Stay (Doc. 45). This case is hereby **REMANDED** back to the Circuit Court of Jasper County, Missouri.

    **IT IS SO ORDERED.**

DATED:    March 12, 2012        */s/ Richard E. Dorr*
                                          RICHARD E. DORR, JUDGE
                                          UNITED STATES DISTRICT COURT